**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AGUA CALIENTE BAND OF CAHUILLA INDIANS, a federally recognized Indian tribe, on its own behalf and as parens patriae for its members,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>RIVERSIDE COUNTY; et al.,<br><br>    Defendants-Appellees,<br><br>DESERT WATER AGENCY,<br><br>    Intervenor-Defendant-Appellee. | No. 17-56003<br><br>D.C. No.<br>5:14-cv-00007-DMG-DTB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted January 8, 2019
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER and WATFORD, Circuit Judges, and ZOUHARY,[***] District Judge.

Plaintiff Agua Caliente Band of Cahuilla Indians appeals the summary judgment entered in favor of Defendant Riverside County and Intervenor-Defendant Desert Water Agency, upholding the right of the County to assess and collect a possessory interest tax ("PIT") from non-Indian lessees of Indian trust lands on the Agua Caliente Reservation. On de novo review, Los Coyotes Band of Cahuilla & Cupeno Indians v. Jewell, 729 F.3d 1025, 1035 (9th Cir. 2013), we affirm.

In Agua Caliente Band of Mission Indians v. County of Riverside, 442 F.2d 1184 (9th Cir. 1971), we held that this very tax is permissible. Plaintiff argues that our cursory preemption analysis there is clearly irreconcilable with White Mountain Apache Tribe v. Bracker, 448 U.S. 136 (1980), and therefore not controlling. See Miller v. Gammie, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (permitting a three-judge panel to depart from circuit precedent if, but only if, that precedent is clearly irreconcilable with a later Supreme Court or en banc decision). We disagree.

---

[***] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

In Bracker, the Supreme Court recognized that "[m]ore difficult" preemption questions arise in cases like this, in which "a State asserts authority over the conduct of non-Indians engaging in activity on the reservation." 448 U.S. at 144. In such cases, Bracker instructs that a court's inquiry should not be "dependent on mechanical or absolute conceptions of state or tribal sovereignty." Id. at 145. Instead, courts should engage in "a particularized inquiry into the nature of the state, federal, and tribal interests at stake." Id.

In Agua Caliente, decided nine years before Bracker, we did not expressly engage in that particularized, interest-balancing inquiry. But we did consider the congressional purpose behind "the legislation dealing with Indians and Indian lands," the PIT's legal incidence, and the indirect economic effect of the PIT on the tribe and tribal members. See Agua Caliente, 442 F.2d at 1186–87. A few years later, in Fort Mojave Tribe v. County of San Bernardino, 543 F.2d 1253 (9th Cir. 1976), we again upheld the assessment and imposition of a PIT on non-Indian lessees of land held in trust by the federal government for an Indian tribe.[1] In Fort Mojave, we engaged in a more extensive analysis of the PIT's effect on federal and

---

[1] We reject the district court's characterization of our holding as dictum. See Barapind v. Enomoto, 400 F.3d 744, 750–51 (9th Cir. 2005) (en banc) (per curiam) (holding that a panel majority's decision concerning an issue presented for review is circuit law even if that decision was not necessary to the disposition of the case).

tribal interests, foreshadowing the later requirements of Bracker. Indeed, in Confederated Tribes of Chehalis Reservation v. Thurston County Board of Equalization, 724 F.3d 1153, 1158 (9th Cir. 2013), we observed that our PIT cases, including Fort Mojave, "applied a similar mode of analysis" to Bracker.

We conclude that our PIT precedents are not clearly irreconcilable with Bracker. We note that

> "[t]he clearly irreconcilable requirement is a high standard." United States v. Robertson, 875 F.3d 1281, 1291 (9th Cir. 2017) (quotation marks omitted). Accordingly, "[i]t is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." Id. "So long as the court can apply our prior circuit precedent without running afoul of the intervening authority it must do so." Id. (quotation marks omitted).

Close v. Sotheby's, Inc., 894 F.3d 1061, 1073 (9th Cir. 2018) (second alteration in original). Although there may be some tension between the legal theory applied in Agua Caliente and Fort Mojave and the balancing inquiry required under Bracker, these decisions are consistent as a practical matter.

Additionally, relying on Mescalero Apache Tribe v. Jones, 411 U.S. 145 (1973), Plaintiff argues that 25 U.S.C. § 465 bars this tax. Once again, we already addressed this issue: "In Agua Caliente, for example, we stressed that '[t]he California tax on possessory interests does not purport to tax the land as such,'

which would be barred by § 465, 'but rather taxes the "full cash value" of the lessee's interest in it,' which is not covered by § 465." Chehalis, 724 F.3d at 1158 n.7 (alteration in original) (quoting Agua Caliente, 442 F.2d at 1186). That conclusion is not clearly irreconcilable with Mescalero, and we therefore remain bound by it.

**AFFIRMED.**

*Agua Caliente Band of Cahuilla Indians v. Riverside County*, No. 17-56003

WATFORD, Circuit Judge, concurring:

I agree with my colleagues that the possessory interest tax (PIT) at issue is not preempted by federal law.  It is not categorically preempted because its incidence falls on non-tribal-member lessees, rather than the Tribe or its members. *See Oklahoma Tax Commission v. Chickasaw Nation*, 515 U.S. 450, 458–59 (1995).  The preemption analysis is therefore governed by the test established in *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136 (1980), which requires balancing federal, state, and tribal interests. *See id.* at 145.

As the district court noted, the federal interests involved here are substantial: The leasing of Indian trust lands is pervasively regulated by the Bureau of Indian Affairs. *See* 25 C.F.R. §§ 162.001–.029 (2013).  But pervasive regulation does not always require preemption. *Cotton Petroleum Corp. v. New Mexico*, 490 U.S. 163, 186 (1989).  The *Bracker* test requires that we proceed to consider the interests of the State.

Unlike in *Bracker*, the County has readily identified "service[s] performed by the State that would justify the assessment of taxes."  448 U.S. at 148–49.  The PIT taxes "the full cash value of the lessee's interest in" the property leased. *Agua Caliente Band of Mission Indians v. County of Riverside*, 442 F.2d 1184, 1186 (9th Cir. 1971) (internal quotation marks omitted).  That interest is valuable because of

a bevy of State-provided services, including water, electricity, road maintenance, trash collection, and the protection afforded by police officers and firefighters. *See Gila River Indian Community v. Waddell*, 91 F.3d 1232, 1238–39 (9th Cir. 1996). The on-reservation provision of those substantial services gives the County the kind of strong interest that justifies its imposition of a tax. "This is not a case in which the State has had nothing to do with the on-reservation activity, save tax it." *Cotton Petroleum*, 490 U.S. at 186. Indeed, it appears that the County's connection to the taxed activity is greater than that approved by the Supreme Court in *Cotton Petroleum. See id.* at 170–72 & nn. 6–7.

Nor do tribal interests weigh in favor of preemption. Any impact the collection of the PIT may have on the Tribe is "too indirect and too insubstantial to support [a] claim of pre-emption." *Id.* at 187. Given the strong connection between the services provided and the activity taxed, no "special factor" requires preemption. *Id.* I would therefore conclude that the PIT is not preempted under *Bracker*.

In my view, we are not bound by our earlier decisions in *Agua Caliente* and *Fort Mojave Tribe v. County of San Bernardino*, 543 F.2d 1253 (9th Cir. 1976). As the district court correctly determined, neither of those cases undertook the analysis that the Supreme Court's later decision in *Bracker* requires: "a particularized inquiry into the nature of the state, federal, and tribal interests at

stake." 448 U.S. at 145. For the reasons stated above, however, even under the new balancing framework established in *Bracker*, the outcome here remains the same: The PIT is not preempted.